UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMOND HART** <br> 11913 Grason Lane <br> Bowie, MD 20715 <br><br> and <br><br> **FRANK ROBERTS** <br> 146 Riverwood Drive <br> Hertford, NC 27944 <br><br> and <br><br> **RICHARD L. PHILLIPS** <br> 1115 N. McLean Street <br> St. Lincoln, IL 62656 <br><br> and <br><br> **LORRAINE D. WILLIAMS** <br> 2 Cameron Grove Blvd. <br> Upper Marlboro, MD 20774 <br><br> and <br><br> **PETER JIMACK** <br> 6 Banavie Road <br> Glasgow, Scotland <br><br> and <br><br> **MIRZA M. BAIG** <br> Roggeveenstraat 131 <br> Amsterdam, Netherlands 1013 PS <br><br> and <br><br> **FOKKE FENNEMA** <br> Diekeveenseweg 8 <br> Westerbork, Netherlands 9431 PS <br><br> and | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> **Civil Action No. 1:05CV01848-RBW** <br> **JUDGE: Reggie B. Walton** |

| | |
|---|---|
| **MILDRED U. GEMERTS** | * |
| **Weth. E. Polakstraat 23** | * |
| **Amsterdam, Netherlands 1107 CV** | * |
| | * |
| **and** | * |
| | * |
| **A.J.H.M. HENDRIKS-SAAT** | * |
| **Mr. Boutensstraat 3** | * |
| **Ooij, Netherlands 6576 DG** | * |
| | * |
| **and** | * |
| | * |
| **IVO G. KNOTTERNUS** | * |
| **De Hegge 28** | * |
| **Apeldoom, Netherlands 7314 JT** | * |
| | * |
| **and** | * |
| | * |
| **AART KROONEMAN** | * |
| **Tulpstraat 4** | * |
| **Oldebroek, Netherlands 8096 BT** | * |
| **and** | * |
| | * |
| **HUGO PIETERSE** | * |
| **Kruisstraat 46** | * |
| **Lage Zwaluwe, Netherlands 4926 AH** | * |
| | * |
| **and** | * |
| | * |
| **RENE WESSELS** | * |
| **Akkerwinde 37** | * |
| **Opmeer, Netherlands 1716 CG** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **v.** | * |
| | * |
| **MERCK & CO. INC.,** | * |
| **One Merck Drive** | * |
| **Whitehouse Station, NJ 08889** | * |
| **w/s/o CT CORPORATION** | * |
| **1025 Vermont Avenue, N.W.** | * |
| **Washington, DC 20005** | * |
| | * |
| **Defendant.** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Complaint ("Complaint") herein as follows:

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets in the United States a broad range of innovative pharmaceutical products to improve human health. Merck further avers that employees of its wholly-owned subsidiaries marketed, distributed, sold and performed some manufacturing of a broad range of innovative pharmaceutical products to improve human health in the United Kingdom and in the Netherlands. Merck also admits that Merck is authorized to do business in the District of Columbia.

4. Denies each and every allegation contained in paragraph 4 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004. Merck further avers that employees of its wholly-owned subsidiaries marketed, distributed, sold and performed some manufacturing of a broad

range of innovative pharmaceutical products to improve human health in the United Kingdom and in the Netherlands.

5.   Denies each and every allegation contained in paragraph 5 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed in the United States the prescription medicine VIOXX® which reduces pain and inflammation.  Merck further avers that employees of its wholly-owned subsidiaries marketed, distributed, sold and performed some manufacturing of a broad range of innovative pharmaceutical products to improve human health in the United Kingdom and in the Netherlands.  Merck also admits that Merck Sharp& Dohme BV and Merck Sharp & Dohme Ltd. are wholly-owned subsidiaries of Merck.

6.   The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff states that "[t]he amount in controversy exceeds $75,000 exclusive of interests and costs."  Merck further avers there is no legal or factual basis for any of the relief sought.

7.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 7 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 7 of the Complaint.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 8 of the Complaint.

Denies each and every allegation contained in the second sentence of paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 9 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 9 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 10 of the Complaint. Denies each and every allegation contained in the third sentence of paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 11 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 12 of the Complaint. Denies each and every allegation contained in the third sentence of paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 13 of the Complaint. Denies each and every allegation contained in the third sentence of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 14 of the Complaint. Denies each and every allegation contained in the third sentence of paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 15 of the Complaint. Denies each and every allegation contained in the third sentence of paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 16 of the Complaint. Denies each and every allegation contained in the third sentence of paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 17 of the Complaint. Denies each and every allegation contained in the third sentence of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 18 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 19 of

the Complaint. Denies each and every allegation contained in the third sentence of paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. With respect to the allegations in paragraph 28 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraph 1-27 of this Answer with the same force and effect as though set forth here in full.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. The allegations contained in the first sentence of paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Denies each and every allegation contained in the second sentence of paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. The allegations contained in the first sentence of paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. With respect to the allegations in paragraph 35 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraph 1-34 of this Answer with the same force and effect as though set forth here in full.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® in the United States. Merck further admits that employees of Merck Sharp & Dohme, Ltd., a company organized under law in the United Kingdom, marketed, distributed, sold and performed some manufacturing of the prescription medicine VIOXX® in the United Kingdom. Merck further avers that employees of its wholly-

owned subsidiaries marketed, distributed, sold and performed some manufacturing of a broad range of innovative pharmaceutical products to improve human health in the Netherlands.

38. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

### RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

42. Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

43. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

44. The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

45. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

46. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

47. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

48. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

49. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

50. Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

51. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

52. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

53. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

54. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

55.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

56.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

57.     Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

58.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

59.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

60.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

## AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

61. Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

62. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

63. Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

64. Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

65. Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

66. This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

67. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

68. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

69. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

70. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

71. There is no technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

## AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

72. This case is more appropriately brought in a different forum.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated:  October 11, 2005

          Respectfully submitted,

By: s/ Jessica Davidson Miller____
    John H. Beisner (320747)
    Jessica Davidson Miller (457021)

    O'MELVENY & MYERS LLP
    1625 Eye Street, NW
    Washington, DC 20006

    *Attorneys for Defendant Merck & Co., Inc.*

OF COUNSEL:

Norman C. Kleinberg
Theodore V. H. Mayer
Charles Avrith
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
(202) 434-5400

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2005, I electronically filed the foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Aaron M. Levine
>AARON M. LEVINE & ASSOCIATES
>1320 19th Street, NW, Suite 500
>Washington, DC  20036
>202-833-8040

/s/ Jessica Davidson Miller